No. 90.—JAMES NOLAN, trustee, &c. plaintiff in error, vs. PETER H. CHAMBERS, defendant.

[1.] If there is strong evidence in favor of the verdict, this Court is not obliged to grant a new trial, although there is a preponderance of evidence against the verdict; and this Court will not do it if the Court below has refused to do it.

In Equity, from Butts Superior Court. Tried before Judge STARKE, March Term, 1855.

James Nolan, claiming as trustee for his sister, Sarah Chambers, the wife of Peter H. Chambers, as well as for certain parties entitled in remainder, in case of her dying childless, by virtue of deed of trust of certain negroes, executed to him by his father, William Nolan, filed his bill in the nature of a bill of *ne exeat* against the said Chambers, in whose possession some of said negroes were, to require him to give security for the forthcoming of the property, to answer the claims of those entitled in remainder.

The defendant repudiated said deed of trust, and claimed, in his answer, that before the execution thereof, the said William Nolan had given the negroes to his daughter, by which they belonged to defendant by virtue of his marital rights.

The testimony on both sides was voluminous, and will be referred to in the opinion of the Court. The Jury found for defendant, and complainant moved for a new trial, on the

grounds—that the verdict was against the evidence, and against Law and Equity. The Court refused the new trial, and this decision is assigned as error.

FLOYD, for plaintiff in error.

D. J. BAILEY, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Among the negroes named in the deed of trust, were Susan and her children. She and her children did not go into the possession of Peter H. Chambers. In respect to them, there is no issue in the case; and therefore, in respect to them, there is and can be no decision.

The other negroes named in the deed of trust, did go into the possession of Peter H. Chambers; and as to them, there are two questions. The first is, whether they had not been given absolutely to Mrs. Chambers, by her father, before he made the deed of trust? Peter H. Chambers insists that they had been; and the trustee, James Nolan, insists that they had not been.

This question is one of mere evidence; and there was evidence on both sides of it. And the evidence on the side in favor of which the verdict went, though perhaps not as strong as that on the other side, was yet far from weak.

That being so, it may at least be said, that with regard to this question, there is nothing to *constrain* this Court to grant the new trial. And that being so, it will not interfere and say the discretion of the Court below, in refusing the new trial, was improperly exercised.

The second question is, whether Peter H. Chambers did not *assent* to the deed of trust, and accept the negroes in his possession under it?

As to this question, Peter H. Chamber's position is, that he did not assent to the deed; or that if he did, his assent

ought not to bind him, because he says, that at the time of such assent, if at any time there was such assent, he did not know his rights; or if he knew his rights and assented, that he did not, in assenting, act voluntarily.

This position, too, is one exclusively for the Jury. But whether there was any evidence in favor of it or not, it is not necessary for us to say; for we have already said, in effect, that the evidence was such, on the first question, as to support the verdict; and that question was a decisive one, it being whether the negroes had not been absolutely given to Mrs. Chambers before her marriage with Peter H. Chambers. If, on this question, the evidence was such as to support the verdict, of what consequence is it what the evidence was on other questions?

We affirm the judgment of the Court below.